J-A26006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL EUGENE STOFFA, | |
| Appellant | No. 160 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 19, 2018
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):
CP-26-CR-0000366-2017
CP-26-CR-0000367-2017

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:         **FILED JANUARY 07, 2019**

Appellant, Daniel Eugene Stoffa, appeals from the judgment of sentence of an aggregate term of 20-40 years' incarceration, imposed after he was convicted of multiple sexual offenses against minors.  Appellant solely challenges the trial court's admitting testimony by his coworker, claiming it was unduly prejudicial.  After careful review, we affirm.

The trial court briefly summarized the facts adduced at trial as follows:

> Appellant … was in a relationship with [victims' mother] for eight years, and he lived with [her] and her three daughters.

> The oldest daughter testified that on December 31, 2010, [Appellant] raped her.  [N.T., 1/2/18-1/4/18,] at 62.  She was 16 [years old] at the time.  Her testimony included details about her encounter with [Appellant], and she testified that this happened three or four more times before she moved out of the house.

The middle daughter testified that in 2011, [Appellant] raped her. *Id.* at 80. She was 11 [years old] at the time. She testified that [Appellant] continued to rape her for several years.

The youngest daughter testified that she was 6 [years old] when [Appellant] first raped her, and that he continued to rape her for several years until she was 11 or 12 [year old]. *Id.* at 102.

The jury heard testimony from Dr. Mary Carrasco, who performed a forensic medical exam of the younger two daughters, and Dr. Carrasco testified about the results of the exams. *Id.* at 152-[]59. The jury also heard from one of [Appellant]'s coworkers, Joseph Holchin. Mr. Holchin testified about remarks made by [Appellant] at work. Mr. Holchin's testimony was that [Appellant] would frequently brag to his coworkers on Monday mornings that he "got young p[ussy]." *Id.* at 166. Finally, [Appellant] testified and denied all allegations.

Trial Court Opinion (TCO), 3/26/18, at 2.

The Commonwealth initially charged Appellant with more than 150 sexual offenses. However, most of those charges were later withdrawn prior to Appellant's jury trial, at which time Appellant faced the following 13 counts. At CP-26-CR-0000366-2017, he was charged with: 1) rape, 18 Pa.C.S. § 3121(a)(1) (forcible compulsion); 2) rape, 18 Pa.C.S. § 3121(c) (rape of a child); 3) aggravated indecent assault, 18 Pa.C.S. § 3125(a)(2) (forcible compulsion); 4) indecent assault, 18 Pa.C.S. § 3126(a)(7) (victim under 13 years old); 5) indecent assault, 18 Pa.C.S. § 3126(a)(8) (victim under 16 years old); 6) involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(b) (victim under 13 years old); 7) rape, 18 Pa.C.S. § 3121(c) (rape of a child); 8) aggravated indecent assault, 18 Pa.C.S. § 3125(a)(2) (forcible compulsion); 9) indecent assault, 18 Pa.C.S. § 3126(a)(7) (victim under 13 years old); and 10) involuntary deviate sexual intercourse, 18 Pa.C.S. §

3123(b) (victim under 13 years old). At CP-26-CR-0000367-2017, he was charged with: 11) rape, 18 Pa.C.S. § 3121(a)(1) (forcible compulsion); 12) aggravated indecent assault, 18 Pa.C.S. § 3125(a)(2) (forcible compulsion); and 13) indecent assault, 18 Pa.C.S. § 3126(a)(2) (forcible compulsion).

Appellant's jury trial, which began on January 2, 2018, and ended on January 4, 2018, resulted in a guilty verdict on all counts. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on March 26, 2018.

Appellant now presents the following question for our review:

> Whether the … [t]rial [c]ourt committed reversible error[] by allowing Appellant's fellow employee to make grossly vague [and] unsubstantiated statements regarding [Appellant's] having sex with young girls that were highly prejudicial to the case ?

Appellant's Brief at 3.

Appellant's claim invokes our standard for the admission of evidence.

> The admission of evidence is solely within the province of the trial court, and a decision thereto will not be disturbed absent a showing of an abuse of discretion. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will[,] discretion ... is abused."

***Commonwealth v. Murray***, 83 A.3d 137, 155-56 (Pa. 2013) (internal citations omitted).

As noted above, Appellant's coworker, Joseph Holchin, testified that Appellant, on multiple occasions, came into work on Monday mornings and said, "he got young pussy all the time." N.T. at 166. Appellant preemptively

objected to this testimony. *Id.* at 163. Specifically, Appellant complained that the proposed testimony "has to be more specific than these general statements … [f]or an admission to take place." *Id.* The trial court overruled the objection. *Id.* at 164.

Appellant now asserts that Holchin's testimony should have been excluded under Pa.R.E. 403 ("The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Pursuant to Rule 403, Appellant claims that Holchin's testimony resulted in "unfair prejudice … [that] clearly was meant to inflame the jury and make fair and rational thought impossible." Appellant's Brief at 7.

We are compelled to conclude that Appellant waived this claim. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). In the trial court, Appellant's sole challenge to Holchin's testimony was that it was not specific enough to constitute an admission, presumably referencing the hearsay exception set forth in Pa.R.E. 803(25), which permits the admission of hearsay that constitutes an opposing party's statement.[1] *See* N.T. at 163. At no point did Appellant assert that

---

[1] This was formerly known as the 'admission of a party opponent' exception to the rule against hearsay.

the proposed testimony would be unfairly or unduly prejudicial pursuant to Pa.R.E. 403. ***See id.*** Accordingly, Appellant waived this claim.[2]

In any event, had Appellant properly preserved this claim for our review, we would deem it meritless. Appellant concedes the statement was relevant evidence. Appellant's Brief at 7. Therefore, the only remaining issue is whether the statement was unduly prejudicial. In his regard, Appellant provides virtually no analysis beyond his recitation of boilerplate law, and the following:

> The statement[] allegedly made by … [A]ppellant, basically admitting to statutory rape and various and sundry other sexual offenses with children is tantamount to a confession and as such, should have been excluded from trial. The Commonwealth had a very strong case without that statement, all three of the alleged victims testified and it went basically unchallenged for the most part by the defense. This statement muddied the waters and allowed passion and prejudice to replace facts.

Appellant's Brief at 8-9.

We disagree. Characterizing Appellant's statement as being "tantamount to a confession" bolsters its admissibility under Rule 403. A confession is highly probative of guilt and, in this case, the at-issue statement corroborated the victims' testimony. As to the prejudicial effect of that statement, "[u]nfair prejudice means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." ***Commonwealth v. Kane***, 188 A.3d 1217, 1228

---

[2] In Appellant's brief, he also asserts that that Holchin's testimony constituted prior-bad-acts evidence prohibited by Pa.R.E. 404(b). Appellant waived this issue for the same reason: Appellant made no such claim at trial.

(Pa. Super. 2018) (quotation marks omitted). No such prejudice occurred in this case. Here, Appellant confuses mere prejudice with unfair prejudice. The fact that Appellant virtually admitted his criminal conduct to a coworker is certainly prejudicial to his claim of innocence, but it is not unfairly prejudicial. "The trial court is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand...." *Commonwealth v. Hairston*, 84 A.3d 657, 666 (Pa. 2014) (quotation marks omitted). Consequently, even if Appellant had not waived this claim for our review, we would deem it meritless.

Judgment of sentence *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2019